# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Melissa Thomas, on behalf of herself individually and all others similarly situated, | Case No. 21-cv-02554 (PJS/HB) |
| Plaintiff, | |
| v. | |
| Pawn America Minnesota, LLC, Payday America, Inc., and PAL Card Minnesota, LLC, | |
| Defendants. | |
| Randell Huff, on behalf of himself individually and all others similarly situated, | Case No. 21-cv-02569 (PJS/HB) |
| Plaintiff, | |
| v. | |
| Pawn America Minnesota, LLC, Payday America, Inc., and PAL Card Minnesota, LLC, | |
| Defendants. | |
| Megan Murillo, on behalf of herself individually and all others similarly situated, | Case No. 21-cv-02574 (PJS/HB) |
| Plaintiff, | |
| v. | |
| Pawn America Minnesota, LLC, Payday America, Inc., and PAL Card Minnesota, LLC, | |
| Defendants. | |

## ORDER APPOINTING INTERIM
## CO-LEAD COUNSEL UNDER FED. R. CIV. P. 23(g)(3)

These matters come before the Court on the Joint Motion of Plaintiffs Melissa Thomas, Randell Huff, and Megan Murillo ("Plaintiffs"), individually and on behalf of all others similarly situated, pursuant to Federal Rules of Civil Procedure 23(g)(3), to appoint Interim Co-lead Counsel. The Court finds it appropriate to rule on this motion on the papers without a hearing.[1]. For good cause shown, the Motion is hereby **GRANTED.**[2]

Accordingly, the Court **ORDERS** as follows:

1.   The Court appoints Bryan L. Bleichner (Chestnut Cambronne PA) and Nathan D. Prosser (Hellmuth & Johnson PLLC) as Interim Co-Lead Counsel.

2.   Interim Co-Lead Counsel must assume responsibility for the following duties during all phases of this litigation:

   a) Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

   b) Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

   c) Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other

---

[1] The hearing on this motion scheduled for January 18, 2022, is therefore CANCELED.
[2] The Court is troubled by the absence of diverse attorneys among the named interim co-lead counsel. While it is granting this motion so that the parties can quickly and efficiently begin to coordinate on these matters, the Court expects to see diverse attorneys among those who assume leadership roles on behalf of Plaintiffs in the consolidated cases.

parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

d) Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as he or his designee may deem appropriate) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

e) Serving as the primary contact for all communications between Plaintiffs and Defendant, and acting as spokespersons for all Plaintiffs vis-à-vis Defendant and the Court;

f) Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

g) Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

h) Receiving and initiating communication with the Court and the Clerk of the Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel;

i) Initiating and conducting discussions and negotiations with counsel for Defendant on all matters, including settlement;

j) Negotiating and entering into stipulations with opposing counsel as necessary for the conduct of the litigation;

k) Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;

l) Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

m) Encouraging and enforcing efficiency among all Plaintiffs' counsel;

n) Assessing Plaintiffs' counsel for the costs of the litigation;

o) Preparing and distributing periodic status reports to the Court and to the parties as ordered;

      p)    Developing and recommending for Court approval practices and procedures pertaining to attorneys' fees and expenses as further detailed below and, on an ongoing basis, monitoring and administering such procedures. At such time as may be appropriate, Co-Lead Counsel also will recommend apportionment and allocation of fees and expenses subject to Court approval; and,

      q)    Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

4.    Any discussions of a settlement of this litigation shall be conducted by Interim Co-Lead Counsel and any counsel designated by Interim Co-Lead Counsel.

5.    In advance of each status conference, Interim Co-Lead Counsel and Defendants' counsel will meet and confer regarding the agenda for the conference. Unless otherwise ordered, Interim Co-Lead Counsel and Defendants' counsel will file a joint notice setting out the proposed agenda and the parties' joint and/or respective positions no later than five calendar days prior to each status conference.

6.    This Order applies to all actions included in the above-captioned consolidated matters and all subsequently consolidated actions.

7.    Interim Co-Lead Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in each related action not yet consolidated in this proceeding to the extent that Interim Lead Counsel is aware of any such action(s) and on all attorneys for Plaintiffs whose cases have been so consolidated but who have not yet registered for ECF.

SO ORDERED.

Dated:  December 8, 2021  　　　　　s/*Hildy Bowbeer*
　　　　　　　　　　　　　　　　　　HILDY BOWBEER
　　　　　　　　　　　　　　　　　　United States Magistrate Judge