## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re Pawn America Consumer Data
Breach Litigation

Civil No. 21-cv-2554 (PJS/HB)

**INITIAL SCHEDULING ORDER
AND ORDER FOR PARTIAL STAY
PENDING RULING ON
MOTION TO DISMISS**

This matter is before the Court pursuant to Federal Rule of Civil Procedure 16 and

the parties' Rule 26(f) Report (ECF No. 51). Defendants have proposed both that

discovery be stayed altogether until a ruling has been issued on their motion to dismiss

and, if that motion is denied in whole or in part, that fact discovery be bifurcated or

phased so as to focus initially on discovery pertinent to issues related to class certification

and to defer discovery on all other issues until after a ruling on Plaintiffs' anticipated

motion for class certification. Plaintiffs oppose both proposals. The Court will address

them in turn.

**STAY OF DISCOVERY**

On the request to stay discovery until a ruling on Defendants' motion to dismiss

[ECF No. 40], the Court finds that in view of the significant issues raised as to Plaintiffs'

standing (and therefore to this Court's subject matter jurisdiction), it is appropriate in this

case to stay most discovery activity until after the District Judge rules on the pending

motion. However, the Court believes it is important that the parties be poised to

commence discovery quickly if the motion to dismiss is denied in whole or in part, and

therefore the Court will require the parties to conduct certain discovery-related activities, as described below, that will lay the groundwork for the discovery (if any) to follow. This will include requiring the parties to exchange initial disclosures, to negotiate the entry of a stipulated Protective Order, and to negotiate an ESI Protocol.

Accordingly, IT IS HEREBY ORDERED that unless otherwise agreed by the parties or ordered by the Court, all formal discovery in this case (including non-party discovery), is STAYED until and unless the District Judge denies, in whole or in part, the pending motion to dismiss.  Notwithstanding the foregoing, the parties shall complete the following tasks in accordance with the following deadlines:

1.  Initial Disclosures.  The parties must make their initial disclosures required by Rule 26(a)(1) on or before **May 16, 2022.**  For purposes of these initial disclosures, the parties should assume that the motion to dismiss will be denied in its entirety.  The parties may, if needed, amend or supplement their initial disclosures following the ruling on the motion to dismiss if the ruling affects the applicability of certain persons or documents.

2.  Protective Order.  The parties must file a stipulated protective order no later than **May 16, 2022.**  *See* section on Protective Orders *infra.*

3.  E-Discovery.

    a.  The parties must file a stipulated protocol regarding the form of production of documents and ESI no later than **May 16, 2022.**[1]

    b.  In addition, they shall meet and confer in good faith regarding other topics that may become part of a more extensive negotiated ESI protocol.  Such topics could include but are not limited to

---

[1]     Parties who agree by stipulation to an ESI Protocol may file the stipulation with the proposed order without a motion and do not need to comply with Local Rule 7.1(b). If they agree to all but a very few terms, they may still submit it by stipulation and proposed order, provided they clearly set forth the terms on which the parties agree and their respective positions/proposed language on the terms as to which they disagree.  In either case, they should provide a Word version of the proposed order by email to chambers.  If they have more significant disputes about the terms of an ESI protocol, they should contact chambers to find out how those disputes should be presented.

identification of custodians and non-custodial sources, use of search and review methodologies such as key-term searching and/or technology-assisted review (TAR), whether production of certain types or subject matter of documents or ESI should be prioritized, and identification of "go-get" documents that could be relatively easily produced without the need to employ a search methodology. The parties shall file a joint letter updating the Court on the status of their discussions of such other topics no later than **May 27, 2022.**

c.     To facilitate this meet-and-confer process, and notwithstanding the stay of formal discovery, a party may deliver to an opposing party a set of requests for production pursuant to Federal Rule of Civil Procedure 34(d)(2). The parties are reminded that Rule 34(b)(1) requires that requests must "describe with reasonable particularity each item or category of items to be produced." Accordingly, requests must be tailored and specific to the issues; general requests for "all relevant documents" do not meet these criteria. Unless otherwise ordered by the Court or agreed by the parties, any such requests will be considered served **fourteen days after a ruling on the motion to dismiss**.

4.     The parties will continue to meet and confer in good faith about whether there are additional tasks or informal discovery on which the parties can agree to lay the foundation for early settlement negotiations and/or for the efficient and prompt commencement of formal discovery if the motion to dismiss is denied. The parties shall include an update on this subject in the joint letter described in Par. 3(b) above, but may submit a separate, supplemental letter by email to chambers with any confidential information about settlement negotiations.

5.     Upon request of the parties in their joint update letter, or *sua sponte,* the Court may schedule a status conference with counsel.

## NO BIFURCATION OF DISCOVERY

Although the Court will defer entry of a more detailed scheduling order at this time, the Court finds it appropriate to address now whether discovery in this case, if and when it commences, should be bifurcated. The Court has considered carefully the positions of both sides and is not persuaded that, in the circumstances of this case, bifurcation or phasing of discovery would result in more efficient use of the parties' or

3

the Court's resources.  First, regardless of the outcome of the motion to dismiss, it does not appear to the Court that there is a sufficiently clear distinction to be made in the scope of discovery relevant to the respective phases.  In the Court's experience, bifurcation is more likely to result in more disputes, more delay, and greater likelihood of duplication, outweighing any efficiencies that might be gained.  Second, a bifurcated approach to discovery would further delay the ultimate resolution of the case, a matter of even greater concern in this case in view of the Court's decision to stay discovery until after a ruling on the motion to dismiss.  Therefore, the Court denies Defendants' request to bifurcate discovery outright.

At the same time, the Court is cognizant of the risk that unfettered discovery can be both extensive and expensive, and could impose vastly asymmetrical burdens on Defendants.  Accordingly, the Court expects the parties to work together cooperatively to focus on discovery that is both relevant and proportional to the needs of the case in view of the issues identified in the pleadings.  In addition, although the Court will not bifurcate discovery, it does expect the parties to consider and discuss with each other as discovery proceeds whether the parties' and the Court's shared interest in efficient and cost-effective discovery would best be served by deferring certain discovery not needed for class certification until later in the discovery period and perhaps after a ruling on class certification.

## UPDATED RULE 26(F) REPORT

Because the ruling on the motion to dismiss could affect the scope of discovery, the Court finds good cause to defer the entry of a full scheduling order until after that ruling is entered.  If the motion is denied in whole or in part, the parties must meet and

confer promptly after the ruling and must file an updated Rule 26(f) report using the

preferred template for the assigned magistrate judge.  That updated report must reflect the

parties' thoughtful and collaborative consideration and discussion of the scope of

discovery and the schedule needed to complete it and the motion practice in this case.

**Unless otherwise ordered by the Court, the updated Rule 26(f) report must be filed**

**no later than two (2) weeks after entry of an order on the motion to dismiss**.

## PROTECTIVE ORDER AND HANDLING OF SEALED DOCUMENTS IN CONNECTION WITH MOTIONS

If following a meaningful meet and confer there is a dispute about the terms of a

proposed protective order or about whether an existing protective order should be

modified, the dispute should be submitted to the Court as soon as possible in accordance

with the procedures governing non-dispositive motions.[2]  In the interim, absent

extraordinary circumstances, any documents that a producing party believes should be

covered by a protective order, or by the proposed modifications, may not be withheld on

the basis that no protective order or no modified protective order is yet in place, but must

be produced to opposing counsel, although they may be designated for outside attorney

---

[2]     Parties who agree by stipulation to a protective order may submit the stipulation with the proposed order to the Court without a motion and do not need to comply with Local Rule 7.1(b).  If they agree to all but a very few terms, they may still submit it by stipulation and proposed order, provided they clearly set forth the terms on which the parties agree and their respective positions/proposed language on the terms as to which they disagree.  In either case, they should provide a Word version of the proposed order by email to chambers.  If they have more significant disputes about the terms of a protective order, they should contact chambers to find out how the Court would prefer to have those disputes presented.  However, if the parties disagree about whether a protective order should be entered in the first instance, or about whether an existing protective order should be modified, the onus is on the party seeking entry or modification of a protective order to seek relief from the Court by motion or, if the parties agree, through the IDR process.

review only if there is a good faith basis for doing so.  Opposing counsel must comply with the interim restricted designation for such documents until the Court resolves the dispute concerning the protective order.  After the protective order is entered, the producing party must re-produce and re-designate the documents if necessary to conform to the protective order.

**The parties are reminded that Local Rule 5.6 governs the filing of documents under seal in this case.**

If a party intends to file in connection with a motion a document the party believes in good faith is not confidential but which has been designated by another party as confidential or protected, the party intending to file the document is encouraged to meet and confer with that party concerning the designation of the document and if necessary to follow the procedures set forth in the protective order to challenge the designation of the document, to the extent practicable, before the party's submission is due.

If a party files a document under seal in connection with a motion or other matter to be heard by the undersigned, the electronic courtesy copy of that sealed document must show by means of yellow highlighting what portion or portions of the document's content were redacted from the publicly-filed version of the document as confidential. The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged; however, in the rare event that an entire document is filed under seal, the courtesy copy of that document must so note.[3]

---

[3] The parties are directed to Magistrate Judge Bowbeer's Practice Pointers for instructions regarding the submission of courtesy copies of motions or other items filed for her consideration. The parties should contact the chambers of the District Judge for guidance

A joint motion for sealing filed pursuant to Local Rule 5.6 must not only set forth the justification(s) for continued sealing but must, to the extent practicable, identify with specificity the portion or portions of each document for which the parties seek continued sealing.  That a document was designated as confidential under a protective order cannot be the sole reason to support continued sealing.  If a redacted public version of any such document has not already been filed, or if further good faith review by the party who asserts confidentiality reveals that some of the previously redacted material does not require sealing, the parties must cooperate to prepare and file a redacted version of that document, and must refer to it in the joint motion for sealing.

## NON-DISPOSITIVE MOTIONS

Except where the parties and the Court have agreed to handle a dispute through Informal Dispute Resolution (see below), all non-dispositive motions must be scheduled, filed, and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and with Local Rules 7.1 and 37.1.  *The required "meet and confer" must be meaningful and must include attempts to do so through personal contact, rather than solely through correspondence.*  Unless a non-dispositive motion is unopposed, it must be scheduled for hearing prior to filing by calling the Courtroom Deputy/Judicial Assistant for Magistrate Judge Bowbeer, even when all parties are in agreement that no hearing is required.[4]  If the moving party does not intend to file the

---

regarding the submission of courtesy copies in connection with matters heard by the District Judge.

[4]      If the parties are in agreement that no hearing is necessary, that agreement must be clearly stated in the notice of motion. If the Court agrees, it will file an order canceling the hearing and stating its intention to take the motion under advisement on the papers.

motion promptly after receiving a hearing date from the Court, it must notify the other side in writing of the hearing date and the nature of the anticipated motion. Counsel are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission to do so.

Before scheduling or filing any formal motion relating to discovery (i.e., where the parties have not agreed to IDR), the movant must request a telephone conference with the Court. The request for the telephone conference must be made well in advance of the anticipated filing deadline for any motion. The purpose of this call is to explore narrowing the discovery dispute, ensure that the parties have fully complied with their obligations to meet and confer, and to discuss the most efficient way to brief disputed issues. The movant shall request the telephone conference by submitting a short email to bowbeer_chambers@mnd.uscourts.gov (copying all counsel), describing the discovery dispute and indicating when the parties would be available for a conference call. No attachments are permitted. The Court will then schedule a conference call.

## INFORMAL DISPUTE RESOLUTION (IDR)

If the meet and confer required by Local Rule 7.1 is not successful in resolving a dispute concerning a non-dispositive issue between the parties, the parties to the dispute should, prior to scheduling any non-dispositive motion, meet and confer regarding whether the issue may be resolved through Informal Dispute Resolution (IDR) with the magistrate judge. If all parties to the dispute do not agree to submit the dispute through the IDR process, the "moving party" (i.e., the party seeking relief from the Court) must proceed by formal motion. If the parties agree to submit the dispute through the IDR

process, the "moving party" must file on CM/ECF a letter representing that the parties wish to engage in IDR, and setting forth (1) the well-defined issue to be resolved, (2) the party's position on the issue, and the factual and legal basis for that position, and (3) a clear bullet-point summary of the relief sought. Within three business days after the "moving party's" letter is submitted, each responding party must file a letter confirming its agreement that the dispute may be resolved through IDR and setting forth its position on the merits of the dispute. For purposes of this process, a letter that is filed after 4:30 p.m. Central Time will be considered as having been submitted the following day. Because of the short turn-around time for the IDR process, the parties' IDR letters must also be emailed to chambers (***bowbeer_chambers@mnd.uscourts.gov***) at the same time they are filed.

The subject line of each letter must include the name of the case and the case number, and must clearly denote that the letter pertains to an IDR request. In addition, the subject line of the "moving party's" initial letter must state the date (no earlier than three days following the date the responsive letter is due) by which the parties would like to be heard. Each letter may not exceed five (5) pages, single-spaced, and may include no more than three (3) exhibits. The letter may include a concise discussion of legal authorities, but the magistrate judge will not review lengthy briefs or voluminous exhibits, as the purpose of the IDR process is to reduce the time and expense associated with the resolution of non-dispositive issues that may arise during the pretrial process. The magistrate judge will request additional exhibits or authorities if needed, and may in its discretion conclude that the issue should instead be submitted by formal motion.

The "moving party" will be responsible for contacting chambers to request a date and time for a telephone conference, and will coordinate that date with the responding party or parties. At least one (1) attorney for each party knowledgeable about each disputed issue must participate in the conference, but no more than two (2) attorneys for each party to the dispute may participate.

If the magistrate judge agrees that the dispute is appropriate for informal resolution, she will read the written submissions, hear counsel's arguments at the conference, and issue her decision at the conclusion of the conference or shortly thereafter. There will be no transcript or other recording of the IDR conference call; however, the magistrate judge's order on the dispute will be reflected in a minute entry on CM/ECF, and is enforceable by the same means and to the same extent as if it had been rendered at the conclusion of formal motion practice.

In view of the absence of formal briefing, the lack of any transcript or recording of the conference call, and the fact that the minute entry will not discuss the reasoning underlying the magistrate judge's decision, the decision of the magistrate judge on an issue submitted through the IDR process is final and cannot be appealed to the District Judge or preserved for the Court of Appeals, nor can a party revive the issue by filing a formal motion. In other words, by agreeing to submit a dispute to IDR, the party is agreeing to live with the decision the magistrate judge renders on that dispute at the conclusion of the IDR process.

**SO ORDERED.**

Dated:  April 15, 2022                    s/*Hildy Bowbeer*
                                          HILDY BOWBEER
                                          United States Magistrate Judge