**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re Pawn America Consumer Data Breach Litigation | Case No. 21-cv-02554 (PJS/JFD) Jury Trial Demanded |

**DEFENDANTS PAWN AMERICA MINNESOTA, LLC,**
**PAYDAY AMERICA, INC., AND PAL CARD MINNESOTA, LLC'S**
<u>**ANSWER AND AFFIRMATIVE DEFENSES**</u>

Defendants Pawn America Minnesota, LLC ("Pawn America"), Payday America, Inc. ("Payday America"), and PAL Card Minnesota, LLC ("PAL Card" and collectively, "Defendants"), by and through their undersigned counsel, hereby respond to Plaintiffs Randell Huff, Megan Murillo, Melissa Thomas, Monique Derr, and Paola Manzo's ("Plaintiffs"), on behalf of themselves and all others similarly situated, Consolidated Class Action Complaint (the "Complaint"). Defendants deny each and every allegation or other statement within except as otherwise expressly admitted, qualified, or answered, including but not limited to the headings, images, and allegations made in footnotes and headings. Defendants answer the numbered paragraphs of the Complaint in correspondingly numbered paragraphs below.

**<u>NATURE OF CASE</u>**

1.      In response to Paragraph 1, Defendants admit only that in or around November 2021, cybercriminals gained unauthorized access to portions of Defendants'

computer systems.  Defendants deny that this case may proceed as a class action against them and deny all other allegations in this paragraph.

2.      Denied.

3.      Denied.

4.      Denied.

5.      In response to Paragraph 5, Defendants admit only that Plaintiffs purport to bring this action as a class action.  Defendants deny that this case may proceed as a class action against them and deny all other allegations in this paragraph.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 and therefore deny the same.

10.     Denied.

11.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 and therefore deny the same.

12.     Defendants deny that any plaintiff has suffered any actual damages, and further deny that any damages or economic losses possibly suffered by Plaintiffs are or were a direct and proximate result of the Data Breach, and deny the remaining allegations contained in this paragraph.

13.     Defendants deny that any plaintiff has suffered any actual damages, and further deny that any damages or economic losses possibly suffered by Plaintiffs are or

PL 3864236.5

were a direct and proximate result of the Data Breach, and deny the remaining allegations contained in this paragraph.

14.    Defendants deny that any plaintiff has suffered any harm caused by Defendants, deny that this case may proceed as a class action against them and deny all other allegations in this paragraph.

15.    In response to Paragraph 15, Defendants admit only that Plaintiffs purport to seek remedies. Defendants deny that Plaintiffs are entitled to such remedies against them and denies all other allegations in this paragraph.

16.    In response to Paragraph 16, Defendants admit only that Plaintiffs purport to bring this action against Defendants.  Defendants deny any unlawful conduct, deny that this case may proceed as a class action against them and deny all other allegations in this paragraph.

## PARTIES

17.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Huff's citizenship and residency contained in Paragraph 17 and therefore deny the same. Defendants state that the referenced notification letter speaks for itself and is the best evidence of its contents, and Defendants deny any allegations inconsistent therewith. Defendant PAL Card admits that it caused a notification letter to be sent to plaintiff Huff. Defendants deny all other allegations in this paragraph.

18.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Murillo's citizenship and residency contained

3

in Paragraph 18 and therefore deny the same. Defendants state that the referenced notification letter speaks for itself and is the best evidence of its contents, and Defendants deny any allegations inconsistent therewith. Defendant PAL Card admits that it caused a notification letter to be sent to plaintiff Murillo. Defendants deny all other allegations in this paragraph.

19.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Thomas's citizenship and residency contained in Paragraph 19 and therefore deny the same. Defendants state that the referenced notification letter speaks for itself and is the best evidence of its contents, and Defendants deny any allegations inconsistent therewith. Defendants Pawn America and PAL Card admit that they caused a notification letter to be sent to plaintiff Huff. Defendants deny all other allegations in this paragraph.

20.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Derr's citizenship and residency contained in Paragraph 20 and therefore deny the same. Defendants state that the referenced notification letter speaks for itself and is the best evidence of its contents, and Defendants deny any allegations inconsistent therewith. Defendant PAL Card admits that it caused a notification letter to be sent to plaintiff Derr. Defendants deny all other allegations in this paragraph.

21.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Manzo's citizenship and residency contained in Paragraph 21 and therefore deny the same. Defendants state that the referenced

4

notification letter speaks for itself and is the best evidence of its contents, and Defendants deny any allegations inconsistent therewith. Defendants Pawn America and PAL Card admit that they caused a notification letter to be sent to plaintiff Manzo. Defendants deny all other allegations in this paragraph.

22.    Admitted.

23.    Admitted.

24.    Admitted.

## JURISDICTION AND VENUE

25.    Paragraph 25 asserts legal argument and/or conclusions, to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 25.

26.    Paragraph 26 asserts legal argument and/or conclusions, to which no response is required. To the extent that a response is required, Defendants do not contest personal jurisdiction.

27.    Paragraph 27 asserts legal argument and/or conclusions, to which no response is required. To the extent that a response is required, Defendants do not contest venue.

## FACTUAL ALLEGATIONS

**Background**

28.    Defendant Pawn America admits that it operates retail stores in the states of Minnesota and Wisconsin and that among other things, customers may obtain pawn loans at such stores. Defendants otherwise deny the allegations contained in paragraph 28.

5

PL 3864236.5

29.    Defendant Pawn America admits that it was founded in 1991 and currently operates 16 stores in Minnesota and Wisconsin. Defendants otherwise deny the allegations contained in paragraph 29.

30.    Denied.

31.    Denied.

32.    In response to Paragraph 32, Defendants admit that, in order to fulfill all of its contractual and legal obligations in connection with doing business with any given individual, Defendants must necessarily collect and maintain certain personal information of that individual. Defendants deny all other allegations contained in Paragraph 32.

33.    Defendants Pawn America and PAL Card admit that Plaintiffs willingly disclosed certain information necessary to obtain products and services from those defendants. Defendant Payday America states that no plaintiff ever transacted any business with Payday America and therefore denies that any plaintiff provided Payday America with any information. Defendants deny that this action may be maintained as a class action, and otherwise deny the remaining allegations of this paragraph.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

**The Data Breach**

6

39.    Defendants admit that they experienced system outages resulting from the criminal actions of non-parties, and deny the remaining allegations in Paragraph 39.

40.    Defendants state that the referenced notification letter speaks for itself and is the best evidence of its contents, and Defendants deny any allegations inconsistent therewith.

41.    Defendants admit that notification letters were first mailed on or about November 19, 2021, and deny all other allegations of this paragraph.

42.    Defendants state that the referenced document speaks for itself and is the best evidence of its contents, and Defendants deny any allegations inconsistent therewith. Defendants deny all other allegations contained in this paragraph.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

**Defendants Were Aware of the Data Breach Risks**

51.    Defendants state that this paragraph asserts legal arguments and/or conclusions and does not require a response. To the extent that a response is required, Defendants deny this paragraph.

PL 3864236.5

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

**Defendants Failed to Comply with FTC Guidelines**

60.    Defendants admit that the FTC has issued publications regarding the topics of privacy and data security, and state that such documents speak for themselves and are the best evidence of their contents, and deny any of plaintiffs' allegations inconsistent therewith. Defendants deny all other allegations of this paragraph.

61.    Defendants state that the referenced documents speak for themselves and are the best evidence of their contents, and deny any of plaintiffs' allegations inconsistent therewith.

62.    Defendants admit that the FTC has issued publications regarding the topics of privacy and data security, and state that such documents speak for themselves and are the best evidence of their contents, and deny any of plaintiffs' allegations inconsistent therewith. Defendants deny all other allegations of this paragraph.

63.    Defendants admit that the FTC has regulated the privacy and data security practices of certain businesses, including through enforcement actions. Defendants state

8

that paragraph 63 otherwise asserts legal arguments and/or conclusions to which no response is required; to the extent a response is required Defendants deny the remaining allegations of this paragraph.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

**Defendants Failed to Comply with Industry Standards**

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

**Defendants' Breach**

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

**Data Breaches Cause Disruption and Put Consumers at an Increased Risk of Fraud and Identity Theft**.

76.    Denied.

PL 3864236.5

77.    In response to Paragraph 77, Defendants state that the referenced document speaks for itself. To the extent the allegations in this paragraph are inconsistent with the document, Defendants deny the same.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    In response to Paragraph 82, Defendants state that the document speaks for itself. To the extent the allegations in this paragraph are inconsistent with the document, Defendants deny the same.

83.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 83 and therefore deny the same.

84.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 84 and therefore deny the same.

85.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 85 and therefore deny the same.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

PL 3864236.5

90.    In response to Paragraph 90, Defendants state that the document speaks for itself. To the extent the allegations in Paragraph 90 are inconsistent with the document, Defendants deny the same.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 94 and therefore deny the same.

95.    Denied.

96.    Denied.

97.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 97 and therefore deny the same.

98.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 98 and therefore deny the same.

99.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 99 and therefore deny the same.

100.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 100 and therefore deny the same.

101.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 101 and therefore deny the same.

102.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and therefore deny the same.

PL 3864236.5

103.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and therefore deny the same.

104.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and therefore deny same.

105.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and therefore deny the same.

106.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and therefore deny the same.

107.    Denied.

108.    Denied.

**Plaintiffs' and Class Members' Damages**

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

PL 3864236.5

## <u>PLAINTIFFS' EXPERIENCES</u>

**Plaintiff Huff's Experience**

120.    Denied. Further answering, Defendant Payday America states that it did not engage in any transaction or business with any of the plaintiffs.

121.    Denied.

122.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 122 and therefore deny the same.

123.    Denied.

124.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 124 and therefore deny the same.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 128 and therefore deny the same.

129.    Denied.

130.    Denied.

**Plaintiff Megan Murillo's Experience**

131.    Denied. Defendant Pawn America has no record of any transaction with plaintiff Murillo. Defendant PAL Card's records indicate plaintiff Murillo applied online for a CashPass prepaid debit card. Defendant Payday America states that it did not engage in any transaction or business with plaintiff Murillo, nor any of the plaintiffs.

PL 3864236.5

132.    Denied.

133.    Denied.

134.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 134 and therefore deny the same.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

**Plaintiff Melissa Thomas's Experience**

141.    Defendants Pawn America and PAL Card admit that Plaintiff Thomas made in-store transactions and applied for a PAL Card in-store at a Pawn America location. Defendant Payday America states that it did not engage in any transaction or business with plaintiff Thomas nor any of the plaintiffs. Defendant Pawn America states that, in April 2019, plaintiff Thomas sold an item to Pawn America and was issued payment for that item in the form of a CashPass prepaid Visa debit card administered by PAL Card. Except as expressly provided herein, Defendants deny the allegations of this paragraph.

142.    Denied.

143.    Denied.

144.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 144 and therefore deny the same.

14

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

**Plaintiff Monique Derr's Experience**

151.    Denied. Further answering, Defendant Payday America states that it did not engage in any transaction or business with any of the plaintiffs.

152.    Denied.

153.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 153 and therefore deny the same.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

**Plaintiff Paola Manzo's Experience**

PL 3864236.5

162.    Denied. Defendant PAL Card does not sell jewelry. Defendant Pawn America has no record of any sale to plaintiff Manzo, and on information and belief denies the allegations of this paragraph. Further answering, Defendant Payday America states that it did not engage in any transaction or business with plaintiff Manzo nor any of the plaintiffs.

163.    Denied.

164.    Denied.

165.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 165 and therefore deny the same.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

## CLASS ALLEGATIONS

174.    Defendants deny that this case may proceed as a class action against them and deny all other allegations in this paragraph.

175.    Defendants deny that this case may proceed as a class action against them and deny all other allegations in this paragraph.

PL 3864236.5

176.    Denied.

177.    Denied.

178.    Defendants deny that this case may proceed as a class action against them and deny all other allegations in this paragraph.

179.    Defendants deny that this case may proceed as a class action against them and deny all other allegations in this paragraph.

180.    Defendants deny that this case may proceed as a class action against them and deny all other allegations in this paragraph.

181.    Defendants deny that this case may proceed as a class action against them and deny all other allegations in this paragraph.

182.    Defendants deny that this case may proceed as a class action against them and deny all other allegations in this paragraph.

183.    Defendants state that this paragraph asserts legal arguments and/or conclusions and therefore no response is required. To the extent that a response is required, Defendants deny that this case may proceed as a class action against them and deny all other allegations in this paragraph.

184.    Defendants state that this paragraph asserts legal arguments and/or conclusions and therefore no response is required. To the extent that a response is required, Defendants deny that this case may proceed as a class action against them and deny all other allegations in this paragraph.

185.    Defendants state that this paragraph asserts legal arguments and/or conclusions and therefore no response is required. To the extent that a response is required,

PL 3864236.5

Defendants deny that this case may proceed as a class action against them and deny all other allegations in this paragraph.

### FIRST CLAIM
### *Negligence*
### (On Behalf of Plaintiffs and the Class)

186.    Defendants incorporate every previous response contained in paragraphs 1 through 185 in response to paragraph 186.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 197 and therefore deny the same.

198.    Denied.

199.    Denied.

### SECOND CLAIM
### *Negligence Per Se*
### (On Behalf of Plaintiffs and the Class)

18

PL 3864236.5

200.   Defendants incorporate every previous response contained in paragraphs 1 through 199 in response to paragraph 200.

201.   Denied.

202.   Denied.

203.   Denied.

204.   Denied.

205.   Denied.

206.   Denied.

207.   Denied.

**THIRD CLAIM**
***Breach of Implied Contract***
**(On Behalf of Plaintiffs and the Class)**

208.   Defendants incorporate every previous response contained in paragraphs 1 through 207 in response to paragraph 208.

209.   Denied.

210.   Denied.

211.   Denied.

212.   Denied.

213.   Denied.

214.   Denied.

215.   Denied.

216.   Denied.

19

217. Denied.

218. Denied.

## FOURTH CLAIM
### Violation of California's Consumer Protection Act, Cal. Civ. Code § 1798.150
### (On behalf of Plaintiff Derr and the California Class)

219. Defendants incorporate every previous response contained in paragraphs 1 through 218 in response to paragraph 219.

220. Denied.

221. Denied.

222. Denied.

223. Denied.

224. Denied.

225. Denied.

226. Denied.

227. Denied.

228. Denied.

## FIFTH CLAIM
### *Declaratory Judgment*
### (On behalf of Plaintiffs and the Class)

229. Defendants state that Plaintiffs' fifth claim for injunctive relief has been dismissed for lack of standing and therefore no response is required.

230. Defendants state that Plaintiffs' fifth claim for injunctive relief has been dismissed for lack of standing and therefore no response is required.

20

PL 3864236.5

231.    Defendants state that Plaintiffs' fifth claim for injunctive relief has been dismissed for lack of standing and therefore no response is required.

232.    Defendants state that Plaintiffs' fifth claim for injunctive relief has been dismissed for lack of standing and therefore no response is required.

233.    Defendants state that Plaintiffs' fifth claim for injunctive relief has been dismissed for lack of standing and therefore no response is required.

234.    Defendants state that Plaintiffs' fifth claim for injunctive relief has been dismissed for lack of standing and therefore no response is required.

With regard to the unnumbered paragraph under the heading "PRAYER FOR RELIEF," Defendants denies that Plaintiffs or any putative class members are entitled to any relief, including any of the relief set forth in SAID "PRAYER FOR RELIEF" section of the Complaint.

With regard to the unnumbered paragraph under the heading "DEMAND FOR JURY TRIAL," Plaintiffs set forth a demand for a jury trial, to which no response is required.

## <u>AFFIRMATIVE AND OTHER DEFENSES</u>

Defendants state the following defenses to Plaintiffs' claims. By asserting the following defenses, Defendants do not necessarily concede that any particular defense is an affirmative defense on which Defendants have the burdens of proof and persuasion.

1.    The Complaint fails, in whole or in part, to state a claim upon which relief may be granted. For the reasons set forth in the Motion to Dismiss filed by Defendants on February 9, 2022 (Doc. 40) and the memoranda in support thereof (Docs. 41 and 50),

PL 3864236.5

Plaintiffs and each of them fail to allege sufficient facts to support actual damages or causation, and further, Plaintiffs' implied contract and negligence per se claims fail as a matter of law. The Court deferred ruling and denied Defendants' rule 12(b)(6) motion on the basis of a forthcoming motion to compel arbitration, which the Court subsequently denied, substantially on the basis of Defendants having filed a 12(b)(6) motion. Under the circumstances, Defendants assert that they are entitled to a ruling on the merits of their 12(b)(6) motion practice, and respectfully submit that Plaintiffs claims should be dismissed for failure to state a claim.

2.     The Complaint fails, in whole or in part, to state a claim upon which damages can be awarded.

3.     The Complaint fails, in whole or in part, to state a claim upon which declaratory or injunctive relief can be awarded.

4.     Plaintiffs' claims may be barred, in whole or in part, because some or all damages Plaintiffs claim to have suffered, which Defendants expressly deny, were caused, aggravated, or contributed to by Plaintiffs' own conduct, negligence, and/or failure to act.

5.     Plaintiffs' claims may be barred, in whole or in part, because any damages Plaintiffs claim to have suffered, which Defendants expressly deny, were not caused by any alleged acts or omissions by Defendants, but instead were caused by the acts or omissions of third parties over which Defendants have no responsibility and do not control.

6.     This action is not properly maintained as a class under Fed. R. Civ. P. 23. Plaintiffs cannot show numerosity, typicality, common questions of law or fact, policies or practices applicable to all proposed class members, and neither Plaintiffs nor their counsel

PL 3864236.5

adequately protect the interest of the proposed class members. Individualized disputes regarding causation and damages predominate and render class treatment a less efficient and feasible means of adjudication. Plaintiffs also purport to assert claims on behalf of putative class members who they may not represent. Plaintiffs cannot establish that they are similarly situated to any other members of the purported classes with respect to any alleged wrongs.

7.     Plaintiffs are not similarly-situated to any of the putative unnamed class members, in Defendants maintain their rights to enforce individual arbitration agreements with each of the unnamed putative class members, and Defendants have been determined to have waived such rights as to the named plaintiffs.

8.     This action may not be maintained as a class action, and the named plaintiffs may not represent a class, because, separate and apart from arbitration agreements, each of the plaintiffs (and putative class members) also agreed as part of the terms applicable to their transactions with Defendants to a class action waiver.

9.     Certification of this action as a class and/or collective action would constitute a denial of Defendants' due process rights in violation of the United States Constitution.

10.     The types of claims alleged by Plaintiffs on behalf of themselves and the alleged classes, including without limitation causation and damages, the existence of which is expressly denied, and the unique defenses thereto, are matters in which individual questions predominate and therefore are not appropriate for class treatment.

11.     Certain of the interests of the proposed class of Plaintiffs are in conflict with the interest of all or certain sub-groups of the members of the alleged classes of persons whom Plaintiffs purport to represent, the existence of which is expressly denied.

12.     Plaintiffs' claims are barred to the extent they seek to pursue claims for which there is no private right of action under applicable state or federal law.

13.     Plaintiffs' claims may be barred, in whole or in part, by the doctrines of accord and satisfaction, consent, estoppel, unclean hands, waiver, release, payment, laches, and/or other equitable defenses.

14.     Plaintiffs' claims may be barred, in whole or in part, by Plaintiffs' failure to mitigate alleged damages or injuries, if any.

15.     Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs have an adequate remedy at law.

16.     Plaintiffs' claims may be barred, in whole or in part, because each and every Plaintiff lacks standing.

17.     Plaintiffs' claims may be barred, in whole or in part, to the extent the relief sought by Plaintiffs is moot.

18.     To the extent Plaintiffs and/or members of the putative class, should a class be certified and those persons join this lawsuit, petitioned for bankruptcy, yet failed to list a claim against Defendants as a potential asset in their bankruptcy filings, such individuals are barred from pursuing their claim(s) against Defendants.

19.     To the extent Plaintiffs and/or members of the putative class, should a class be certified and such persons join this lawsuit, sustained any damages, although such is

24

specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiffs and/or members of the putative class, or anyone else who joins this lawsuit owed to Defendants against any judgment that may be entered against Defendants.

20.    As a separate alternative affirmative defense to Plaintiffs' Complaint, Defendants allege that the claims contained in Plaintiffs' Complaint may be barred by any or all of the affirmative defenses contemplated by the Rules of Civil Procedure. The extent to which Plaintiffs' claims may be barred by one or more of said defenses, not specifically set out above, cannot be determined until Defendants have had an opportunity to complete discovery. Therefore, Defendants incorporates all said affirmative defenses as if fully set forth herein.

21.    Plaintiffs' claims, in whole or in part, are subject to arbitration pursuant to any agreement and/or Terms and Conditions entered into by the parties.

22.    Class treatment is inappropriate because the vast majority of, if not all, unnamed putative class members are subject to individual arbitration of their claims, and none of the named plaintiffs are subject to same.

23.    Defendants reserve the right to assert additional defenses as Plaintiff's claims are clarified in the course of litigation and as justice may require.

24.    Should the Court certify this matter as a class action, Defendants reassert each of these affirmative defenses to each class member.

**WHEREFORE**, Defendants request the following relief:

1.    That Plaintiffs' Complaint be dismissed with prejudice in its entirety;

25

PL 3864236.5

2.      That the Court deny Plaintiffs the ability to maintain or prosecute this action against Defendants as class, and/or representative action;

3.      That judgment be entered against Plaintiffs in favor of Defendants on all claims;

4.      That Plaintiffs pay Defendants' costs and expenses, including attorneys' fees; and

5.      For any additional relief this Court deems just and proper in favor of Defendants.

Respectfully Submitted,

**SPENCER FANE LLP**

/s/ Thomas W. Hayde
Thomas W. Hayde
(Admitted *Pro Hac Vice*)
1 N. Brentwood Blvd., Suite 1200
St. Louis, MO 63105
Telephone: 314-863-7733
Facsimile: 314-862-4656
thayde@spencerfane.com

Shawn Tuma
(Admitted *Pro Hac Vice*)
5700 Granite Parkway, Suite 650
Plano, TX 75024
Telephone: 972 324-0300
Facsimile: 972 324-0301
stuma@spencerfane.com

PL 3864236.5

**STINSON LLP**

/s/ Doug Boettge
Doug Boettge (MN # 0237292)
50 South Sixth Street
Suite 2600
Minneapolis, MN 55402
Telephone: 612-335-7252
douglas.boettge@stinson.com

*Attorneys for Defendants*

PL 3864236.5